Wilbur C. WEEKS

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Aug. 3, 1978.

McTeague, Higbee & Tierney by Patrick N. McTeague (orally), Maurice A. Libner, Brunswick, for plaintiff.

Cheryl Harrington, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

WERNICK, Justice.

This is an appeal by a claimant of workmen's compensation death benefits under 39 M.R.S.A. § 58 from a judgment entered pro forma in the Superior Court on a Decree of the Industrial Accident Commission.

The Commission's decree denied death benefits to Wilbur C. Weeks claiming as the widower of Eda F. Weeks who died, allegedly, because of a personal injury sustained in the course, and arising out, of her employment with the State of Maine.[1] The fundamental issue on appeal is whether the Commission committed error by failing to give effect to the "presumption" established by 39 M.R.S.A. § 64–A, that

---

1. The petition was brought under the name of the deceased employee Eda F. Weeks, and the case was thus docketed. We have changed the name of the case to reflect that Wilbur C. Weeks is the actual claimant.

"[i]n any claim for compensation, where the employee has been killed, . . . the employee received a personal injury arising out of and in the course of his employment . . . ."

The issue is precipitated by the following sentence appearing in the Commissioner's opinion:

"[T]here is not one iota of evidence that Mrs. Weeks' heart condition was aggravated or caused by her work activity."

Appellant contends that this sentence reveals that the Commissioner made it the burden of the claimant to come forward with evidence showing that Mrs. Weeks had sustained a personal injury in the course, and arising out, of her employment. This was error, says appellant, since it failed to give effect to the statutory presumption which, at minimum, places on the employer resisting the payment of death benefits the burden of coming forward with evidence negating that the employee suffered a personal injury in the course, and arising out, of employment.

We disagree with appellant's contention and deny the appeal.

Appellant extracts a single sentence of the Commissioner's opinion and purports to give it meaning stripped of relationship to the totality of the Commissioner's opinion as well as the evidentiary record on which the opinion rests.

Examining the entirety of the Commissioner's opinion in light of the evidence, we find it plain that the Commissioner wrote his opinion as he did fully aware that there was an abundance, not a dearth, of evidence concerning what had happened to Mrs. Weeks. This evidence was not inconclusive. Rather, it showed cogently that Eda F. Weeks suffered from severe vascular disease necessitating that she have surgery, to effect a triple coronary artery bypass, during which she died.

The Commissioner's opinion dealt explicitly with appellant's asserted rationale of recovery, that Eda Weeks had

"hurried up [the] ramp between [the] State Office Building and State Capitol and subsequently developed pains which resulted in a heart attack . . . which, after hospitalization, was fatal."

As to this contention, the Commissioner made the following findings of fact:

"Mrs. Weeks came to work the morning of January 30, 1976 'running' in. She appeared to be sort of breathless. She sat down and started working. She complained of pain in her chest at about 9:30 a. m. and took a pill. After resting, she called her physician and her husband. . . . Wilbur Weeks [then] took his wife to the Hospital . . . . She was admitted to the Augusta General Hospital on January 30, 1976. Her chief complaint was chest pain of 5 hours duration. . . . She was observed in the Coronary Care Unit for 4–5 days. She was then sent to Maine Medical Center for a coronary angiogram and possible bypass. She was admitted to the Maine Medical Center on February 14, 1976 with a history of unstable angina. Mrs. Weeks died on February 18, 1976 as a result of myocardial failure following triple coronary artery bypass."

Having found these facts, the Commissioner ultimately concluded that Mrs. Weeks' death did not result from a personal injury arising out of and in the course of her employment.

Assessing the meaning of the single sentence here at issue by reading it as part of a total context which includes the above findings of fact made by the Commissioner in light of all of the evidence, we must conclude that appellant is wrong in claiming that the Commissioner failed to give proper effect to the presumption established by 39 M.R.S.A. § 64–A. We find the fair meaning of the sentence to be that the abundant evidence of what had happened to Mrs. Weeks showed so overwhelmingly that Mrs. Weeks' heart condition was neither aggravated nor caused by her work activity that there was not "one iota of evidence" to indicate the contrary.

Thus interpreting the overall thrust of the Commissioner's opinion in relation to the evidence, we conclude that the Commissioner made a justifiable evaluation of the evidence by which the effect of the statutory presumption as applicable to this case was fully dissipated. Hence, it was unnecessary for the Commissioner otherwise to mention, or further consider, the presumption.

The entry is:

Appeal denied.

Further ordered that the Appellee pay to Appellant an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

GODFREY, J., did not sit.